IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF JOSE ANTONIO TORRES MARTINO, represented by Raúl Cintrón Rodríguez,<br><br>Plaintiff,<br><br>v.<br><br>FOUNTAIN CHRISTINA BILINGUAL SCHOOL, INC., et al.,<br><br>Defendants. | CIVIL NO. 18-1509 (PAD) |

# REPORT AND RECOMMENDATION

## INTRODUCTION

The present case involves a dispute over a mural located in a public school in Carolina, Puerto Rico. On July 23, 2018, the Estate of José Antonio Torres-Martinó, represented by Raúl Cintrón Rodríguez, (collectively "Plaintiff" or "Cintrón") filed the present complaint against co-Defendants Fountain Christian Bilingual School Carolina and Fountain Christian Bilingual School Inc., (collectively "Fountain Christian School"), Omayra Gutiérrez, Otoniel Font Nadal, and their conjugal partnership (collectively "Gutiérrez and Font") and Freddy Abdul Santiago ("Santiago"). Co-Defendants Font, Gutiérrez and Santiago are corporate representatives of the school.

In the year 2017, and due to the precarious economic situation of the island, the Government of Puerto Rico embarked on a program to reduce government spending. One of the results was legislation to close schools with low attendance and relocate the school's students to more populated schools. The closed schools were leased to private entities, as was the case here. In April, 2018, the government leased the "Julia de

Burgos" school located in Carolina, Puerto Rico to co-Defendant Fountain Christian School. The school is named after renown Puerto Rican writer and poet Julia de Burgos. Amongst her most famous writings is a poem entitled "Río Grande de Loíza", named after a river in Puerto Rico[1]. Inside the school was a mural named after the poem, painted in 1966 by well-known artist José Antonio Torres Martinó as part of an island-wide government beautification program enacted at that time. The mural contains a depiction of a woman kneeling in front of a river surrounded by some colorful flora, and a quote from one the poem's most famous verses.

After the school closed, Plaintiff herein, the estate of the deceased artist, learned that the school was in use by co-Defendants and that the mural had been covered with gray paint. Plaintiff alleged in the complaint that no authorization was asked of the Estate, as owner of the rights and copyright over the mural, before co-Defendants mutilated the mural.

Before the Court are two Motions to Dismiss filed by several Defendants. Co-Defendant Fountain Christian Bilingual School alleges lack of standing because Plaintiff failed to secure permission from the Puerto Rico Court of First Instance to sue in the name of one of the Estate's members, that is, José Martín Torres ("Torres"). (Docket No. 35). The second motion was filed by co-Defendants Font and Gutiérrez where they posit that Plaintiff has failed to allege sufficient facts against co-Defendant Font and against

---

[1] Rio Grande de Loíza, situated on the north coast, is the largest river in Puerto Rico by volume and second longest. It runs for approximately 40 miles, originating in San Lorenzo, and flows from south to north ultimately draining into the Atlantic Ocean a few miles east of San Juan.

<u>The Estate of José Antonio Torres Martinó, v. Fountain Christian Bilingual School Carolina, et al.</u>
Civil No. 18-1509 (PAD)
Report and Recommendation
Page 3
_____

Defendants' personal capacities. (Docket No. 39).

On November 14, 2018, the two Motions to Dismiss were referred to the undersigned for a Report and Recommendation. (Docket No. 84).

For the reasons herein stated, it is recommended to the Court to DENY both Motions to Dismiss and leave be granted to Plaintiff to amend the Complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the … claim is and the grounds upon which it rests.' " <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955 (2007); <u>see</u> <u>also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement….' Specific facts are not necessary."). Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>See</u>, <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." <u>Gargano v. Liberty Int'l Underwriters, Inc.</u>, 572 F.3d 45, 48-49 (1st Cir. 2009). Under <u>Twombly</u>, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." <u>See</u> <u>also</u>, <u>Ocasio-Hernández v.</u>

Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).   Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; *see, e.g.* Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

## LEGAL ANALYSIS

### A.  Fountain Christian School's Motion to Dismiss for lack of standing.

Fountain Christian School avers that Plaintiff lacks standing to sue, insofar as pursuant to Puerto Rico law, Plaintiff lacks the permission of the Puerto Rico Court of First Instance to bring the present claim on behalf of an incapacitated party.   They make this argument because, according to the Complaint, Cintrón, the executor of the Estate, was named Torres' legal tutor, and judicial authorization is a prerequisite to filing suit in his name.

In Plaintiff's Opposition, it was clarified that Cintrón is not Torres' tutor, and that the statement contained in the Complaint is a mistake, the result of a miscommunication between the Estate and their legal representatives.   There is no court judgment declaring Torres incompetent.   Cintrón does, however, possess a durable power of attorney which authorizes Cintrón, among other things, to represent and appear in Torres' behalf before the courts of the United States of America.   As such, Plaintiff argues it has legal standing to file the instant Complaint on behalf of Torres.   Additionally, to avoid any further confusion as to the allegations in the Complaint, Plaintiff requests leave to file an Amended Complaint to correct these allegations.

The Estate of José Antonio Torres Martinó, v. Fountain Christian Bilingual School Carolina, et al.
Civil No. 18-1509 (PAD)
Report and Recommendation
Page 5
_____

In Defendants' Reply, they argue that Plaintiff is attempting to amend the allegations inappropriately and request the Court to deny such relief. Without further explanation, Defendants aver that this situation "imposes an undue burden and expense" on them, and because the allegations must be taken as true, the Court has no choice but to dismiss the case. Defendants also state that Plaintiff requires more that the power of attorney. That is to say, the authorization of the Puerto Rico Court of First Instance is also required because even "when the person who granted the durable power of attorney becomes legally incompetent", such authorization must be sought. Finally, Defendants contend that, because Torres' estate may become encumbered by any future judgment and attorney's fees in this case, judicial authorization must be requested.

Plaintiff has clarified that no such incapacity exists here, and that no case exists in the state court docket to evidence such a proceeding. Thus, Plaintiff argues the power of attorney, which grants Cintrón the specific right to sue on behalf of Torres, is sufficient to confer standing. The Court agrees with Plaintiff.

The power of attorney in question is sweeping and undoubtedly grants Cintrón standing to sue on Torres' behalf in the case at bar. In any event, the power of attorney specifically states that judicial authorization must be obtained if Torres becomes incapacitated and the encumbrance or sale of his personal property is required, neither which is the case right now, so Defendants' argument is therefore unavailing. (Docket No. 44, Exhibit 1, p. 2). Nothing further is necessary to confer standing.

Defendants posit in their opposition for leave to amend the complaint that Plaintiff

has not "explained" the reason for the amendments sought and why leave to amend is justified. Defendants forget that Rule 15 (a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." If the movant has at least colorable grounds for relief, justice requires allowing amendments unless the movant is guilty of undue delay or bad faith, or if permission to amend would unduly prejudice the opposing party. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); see also Jackson v. Salon, 614 F.2d 15, 17 (1st Cir.1980).

At the present stage of the proceedings, where Defendants have not yet even answered the Complaint, and because no incompetency has been shown, the more prudent course of action is to grant Plaintiff leave to amend the Complaint accordingly, in the interest of justice. The issue of whether the Estate will be eventually encumbered by fees from this case, and specifically, Torres' residence, is entirely conclusory at this early stage of the litigation. Notwithstanding Defendants' arguments, they have been unable to show any prejudice or bad faith at this stage of the litigation, where the case is at its inception.

In view of the above reasons, it is recommended to the Court to DENY Fountain Christian School's Motion to Dismiss and to GRANT Plaintiff's request to amend the Complaint.

### B. Gutiérrez and Font's Motion to Dismiss for failure to state a claim.

The second motion referred was Gutiérrez and Font's petition to dismiss for failure to state a claim, in which they argue that no claims were made against Font, and that the

complaint fails to include facts to establish liability of Font and Gutiérrez in their personal capacities. As such, the Complaint against Font and against Font and Gutiérrez personally must be dismissed.

Plaintiff avers that the case is in its inception, and because the discovery process has not yet begun, Plaintiff cannot determine at this time if in fact the decisions taken by co-Defendants were taken as corporate officers or based on personal beliefs. Hence, Plaintiff again asks for leave to amend the complaint accordingly to add a cause of action against these two Defendants in their personal capacities.

Although most of the allegations in the Complaint pertain to Gutiérrez, as President and Executive Director of Defendant school, the Court finds that other general allegations in the Complaint pertain to Font, to wit: Font is the Secretary of the corporate defendants, who administer the school (¶2.6); together with Gutiérrez, he comprises part of the co-Defendant conjugal partnership (¶2.7); after attempting to inspect the mural, Defendants informed Plaintiff the matter was being handled by the Puerto Rico Institute of Culture (¶3.17); neither Gutiérrez nor any "other representative" of the school answered the April 18, 2018 letter sent by the Puerto Rico Institute of Culture (¶3.19); a letter was delivered on May 18, 2018 to Defendants through co-Defendant Santiago (¶3.21); and that they are generally responsible for their actions in this case and are jointly and severally liable therefor.

These allegations are all a Complaint needs to contain, that is, "a short plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant

fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2).

Furthermore, because Font and Gutiérrez comprise a conjugal partnership between themselves, which is also being sued and which may ultimately be responsible for the damages claimed herein, Font would become a required party to this action anyway. See Fed.R.Civ.P. 19(a)(1)(A) and (B). Defendants should be reminded that in civil actions, a Plaintiff need only present enough facts "to state a claim to relief that is plausible on its face", which would bring the claims from conceivable to plausible. Twombly, 550 U.S. 544, at 570. That is the case here.

As stated before, the case at bar is just beginning and in the interests of justice, leave to amend should be freely given. The Court finds Plaintiff's arguments compelling. Thus, it is recommended to the Court to DENY Gutiérrez and Font's Motion to Dismiss and leave be granted to Plaintiff to amend the complaint accordingly.

## CONCLUSION

For the above reasons, it is recommended to the Court to DENY Defendants' Motion to Dismiss for Lack of Standing (Docket No. 35) and the Motion to Dismiss for Failure to State a Claim (Docket No. 39).

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. See Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143,

The Estate of José Antonio Torres Martinó, v. Fountain Christian Bilingual School Carolina, et al.
Civil No. 18-1509 (PAD)
Report and Recommendation
Page  9
_____

150–151(1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986) and Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, on this 12th day of December, 2018.

                              S/CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ RIVE
                              UNITED STATES MAGISTRATE JUDGE