# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF JOSE ANTONIO TORRES MARTINO, represented by Raúl Cintrón-Rodríguez, <br><br> **Plaintiff,** <br><br> v. <br><br> FOUNTAIN CHRISTIAN BILINGUAL SCHOOL, INC., <u>et al.</u> <br><br> **Defendants.** | CIVIL NO. 18-1509 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

On July 23, 2018, plaintiffs initiated this action against defendants for alleged violations of the Visual Artists Rights Act, 17 U.S.C. § 106A, the Copyright Act, 17 U.S.C. § 101 <u>et seq.</u>, and Puerto Rico law (Docket No. 1). They claimed defendants severely damaged a mural titled "Río Grande de Loíza," that artist and decedent José Antonio Torres-Martinó painted in the cafeteria of the Julia de Burgos School in Carolina, Puerto Rico, by painting over the art with gray paint, without obtaining their prior consent as heirs and copyright owners of the artwork (Docket No. 1).[1]

Before the court are FCBS, Inc. and FCBS Carolina's "Motion to Dismiss for Plaintiff's Lack of Legal Standing to Sue" (Docket No. 35) and Omayra Gutiérrez, Otoniel Font Nadal, and their conjugal partnership's "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (Docket No. 39). Plaintiffs opposed (Dockets No. 44 and 46). Defendants replied (Dockets No. 56 and 60) and plaintiffs surreplied (Dockets No. 75 and 77). The motions were

---

[1] The school is currently leased by co-defendants Fountain Christian Bilingual School Carolina ("FCBS Carolina") and/or Fountain Christian Bilingual School Inc. ("FCBS Inc.") (Docket No. 1).

referred to U.S. Magistrate Judge Camille L. Vélez-Rivé, who issued a Report and Recommendation ("R&R") (Docket No. 105), denying the motions to dismiss. For the reasons that follow, the R&R is ADOPTED *in toto*.

## I.     REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See, 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). Such is the case here.

## II.     THE REPORT AND RECOMMENDATION (DOCKET NO. 105)

First, the co-defendants contend that the Executor of Torres-Martinó's Estate, Raúl Cintrón-Rodríguez, was named Torres-Martinó's legal tutor and thus required authorization from the Puerto Rico Court of First Instance to file a suit in his name (Docket No. 35, pp. 4-5). Plaintiffs clarified that Cintrón-Rodríguez is not Torres-Martinó's tutor and the allegation so stating in the complaint is a mistake (Docket No. 44, p. 2). The Magistrate Judge concluded that leave to amend the complaint should be granted to correct these allegations (Docket No. 105, p. 6).

Second, the co-defendants argued that no claims were made against Font and that the complaint fails to include facts to establish liability of Font and Gutiérrez in their personal capacities (Docket No. 39, pp. 2, 6). The Magistrate Judge concluded that plaintiffs have presented

enough facts pertaining to Font to state a claim of relief that is plausible on its face (Docket No. 105, p. 7). Moreover, she recommended that leave to amend the complaint be granted accordingly so that plaintiffs may add a cause of action against the co-defendants in their personal capacity (Docket No. 105, p. 8).

### III. THE OBJECTIONS

**A. Omayra Gutiérrez, Otoniel Font Nadal, and their Conjugal Partnership's Objection to the Report and Recommendation (Docket No. 113) and Sur-Reply (Docket No. 121)**

Gutiérrez and Font argue that the complaint's allegations are insufficient to support a reasonable inference that they may be personally liable (Docket No. 113, p. 8; Docket No. 121, p. 3). As the Magistrate Judge correctly concluded in the R&R, plaintiffs have presented enough facts to state a claim of relief that is plausible on its face. In opposition to the recommendation that plaintiffs be granted leave to file an amended complaint, co-defendants present the same arguments that were before the Magistrate Judge (Docket No. 113, pp. 8-9). As explained in the R&R, this case is in its early stages and co-defendants do not demonstrate that granting plaintiffs' leave to amend would be prejudicial to them. As such, co-defendants' arguments are unavailing.

### IV. CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings and conclusion are well supported in the record and the law. Therefore, the court hereby ADOPTS the Magistrate Judge's report as stated herein and DENIES FCBS, Inc. and FCBS Carolina's motion to dismiss (Docket No. 35) and Gutiérrez and Font's motion to dismiss (Docket No. 39). Plaintiffs shall file an Amended Complaint not later than March 15, 2019.

In light of the court's conclusion, the referral of the two outstanding motions to dismiss at Dockets No. 31 and 40 is VACATED. The motions are denied without prejudice of being refiled,

if warranted, addressing the allegations in the Amended Complaint. However, defendants are forewarned that any future motion(s) to dismiss under Fed.R.Civ.P. 12(b)(6) or for judgment on the pleadings under Fed.R.Civ.P, 12(c) shall include case law arising out of analogous factual settings in which a complaint was dismissed at the pleading stage. Otherwise, the motions will be summarily DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of March, 2019.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge