**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

THE ESTATE OF JOSÉ ANTONIO
TORRES MARTINÓ, represented by
RAÚL CINTRÓN RODRÍGUEZ,

      **Plaintiffs,**

         v.

FOUNTAIN CHRISTIAN BILINGUAL
SCHOOL CAROLINA, INC.; FOUNTAIN
CHRISTIAN BILINGUAL SCHOOL,
INC.; OMAYRA GUTIERREZ; OTONIEL
FONT NADAL; THE CONJUGAL
PARTNERSHIP BETWEEN OTONIEL FONT
NADAL AND OMAYRA GUTIERREZ;
FREDDY ABDUL SANTIAGO; JANE DOE;
THE CONJUGAL PARTNERSHIP BETWEEN
FREDDY ABDUL SANTIAGO AND JANE
DOE; AND INSURANCE COMPANIES A
AND B; CORPORATIONS A, B, AND C;
JOHN DOE AND OTHER UNNAMED
DEFENDANTS,

      **Defendants.**

**CIVIL NO.** 18-1509(RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

    Pending before the Court is Defendants Fountain Christian Bilingual School, Inc. ("FCBS") and Fountain Christian Bilingual School Carolina, Inc.'s ("FCBSC") (jointly, "Defendants") *Motion to Dismiss Claims of Second Amended Complaint Based on State Law and State Constitution for Preemption* ("*Motion*") (Docket No. 150).[1]

---

[1] On June 18, 2021, Plaintiffs dismissed the *Complaint* against Omayra Gutierrez, Otoniel Font-Nadal and their conjugal partnership. (Docket No. 202). Partial

After reviewing the parties' submissions in support and opposition, the Court **DENIES** the *Motion to Dismiss* and *sua sponte* **DISMISSES** the Visual Artist Rights Act of 1990 claim.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2019, Plaintiffs filed a *Second Amended Complaint* ("*Complaint*"), against FCBS, FCBSC, Omayra Gutierrez and Otoniel Font-Nadal and unnamed codefendants. (Docket No. 142).[2] They aver claims under the Copyright Act of 1909 ("the Copyright Act"), the Visual Artist Rights Act of 1990 ("VARA"), 17 U.S.C. §§ 101-1511, the Puerto Rico Authors' Moral Rights Act ("PRMRA"), P.R. Laws Ann. tit. 31, §§ 1404i-1401ff, Article II Section 1 and Section 8 of the Constitution of the Commonwealth of Puerto Rico, P.R. Const. art. II, §1, 8, and Article 1802 of the Puerto Rico Civil Code, codified at P.R. Laws Ann. tit. 31, § 5141. Id. ¶¶ 4.1-8.4. They allege Defendants mutilated and destroyed the mural "Rio Grande de Loíza" ("the mural") created by José Antonio Torres-Martinó ("Torres-Martinó") in an interior wall of a school leased by FCBS and FCBSC. Id. ¶ 3.32. When Torres-Martinó painted the mural in 1966, the Puerto Rico Department of Transportation and Public Works

---

final judgment was issued on June 24, 2021. (Docket No. 204). The *Complaint* also named as defendants Freddy Abdul-Santiago, Nodelis Alin Figueroa-Andino and their conjugal partnership, but that action is stayed per an October 31, 2018 filing before the United States Bankruptcy Court for the District of Puerto Rico, case no. 18-06401-13. (Docket Nos. 85; 86; 142 at 3-4).

[2] Plaintiffs are members of Torres-Martinó's Estate: José Martín Torres, Jackeline Torres, Michelle Torres, and Corrine Cobb (Plaintiffs"). (Docket No. 142 at 2). Their legal representative is Raúl Cintrón-Rodríguez, allegedly chosen by Torres-Martinó as executor of his will. Id.

("DTOP") owned the school, and school visitors could access it until the school's July 2017 closure. Id. ¶¶ 3.22-3.26. On April 2, 2018, DTOP leased the school to Defendants and on April 12, 2018, Plaintiffs learned Defendants had painted over the mural with light gray paint. Id. ¶¶ 3.28 and 3.32. Thus, they seek preliminary and permanent injunctions barring Defendants from attempting to "'rescue,' 'recover,' alter, deface, modify, mutilate or destroy" the mural, statutory and compensatory damages for damage caused to the mural, and costs to restore the mural by a qualified professional. Id. ¶¶ 10.1- 10.8.

On October 4, 2019, Defendants filed the pending *Motion* seeking dismissal of the *Complaint*'s third, fourth and fifth causes of action concerning Plaintiffs' state law claims. (Docket No. 150). They claim dismissal is proper because Section 301 of the Copyright Act, 17 U.S.C. §301(a-e), and of VARA, 17 U.S.C. §301(f), preempt state law-based moral rights claims. Id. at 3-6.

On November 13, 2019, Plaintiffs opposed the *Motion*. (Docket No. 159). They argue the state law causes of action invoking local laws protecting the integrity of a visual work of art fall under the exceptions in Section 106 of the Copyright Act and are not preempted by federal copyright law. Id. at 4. Further, federal copyright laws allegedly do not preempt Puerto Rico *moral* rights. Id. Defendants replied followed by Plaintiffs' sur-reply. (Docket Nos. 167 and 178). The case has been stayed repeatedly pending the

*Motion*'s resolution. (Docket Nos. 188, 190, 195-196, 205-208 and

212 and 215).

## II. LEGAL STANDARD

### A. Dismissal for Failure to State a Claim Under Fed. R. Civ. 12(B)(6)

Fed. R. Civ. P. 12(b)(6) authorizes a complaint's dismissal

for "failure to state a claim upon which relief can be granted."

To survive this motion, a complaint must contain sufficient factual

matter stating a claim for relief is "plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must

find if all alleged facts, when viewed in favor of plaintiff, make

plausible plaintiff's entitlement to relief. *See* Ocasio-Hernandez

v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). Dismissal is

proper only when these facts "taken as true, do not warrant

recovery[.]" Martell-Rodríguez v. Rolón Suarez, 2020 WL 5525969,

at *2 (D.P.R. 2020) (quotation omitted). Non-conclusory

allegations are deemed true. *See* Nieto-Vicenty v. Valledor, 984 F.

Supp. 2d 17, 20 (D.P.R. 2013). But "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory

statements, do not sufficient." Prieto-Rivera v. American

Airlines, Inc, 2021 WL 3371014, at *2 (D.P.R. 2020) (quotation

omitted).

Even when a party has not moved to dismiss a complaint, "**a**

**district court may 'note the inadequacy of the complaint and, on**

**its own initiative, dismiss [it]**' under Rule 12(b)(6)." Fernandez

v. BRG, LLC, 2017 WL 7362729, at *4 (D.P.R. 2017) (quotation

omitted) (emphasis added). *Sua sponte* dismissal is "strong

medicine," and should be used sparingly. Southern Cat, Inc. v. W

PR Mgmt., LLC, 2021 WL 1699226, at *2 (D.P.R. 2021) (quotation

omitted). Such dismissals are erroneous unless parties "have been

afforded notice and an opportunity to amend the complaint" or

respond. Sanchez v. Pereira-Castillo, 590 F.3d 31, 40 (1st Cir.

2009) (quotation omitted). However, they will be upheld without

prior notice when the allegations, taken in favor of plaintiff,

"are patently meritless and beyond all hope of redemption."

Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir.

2001). "Only where 'it is crystal clear that the plaintiff cannot

prevail and that amending the complaint would be futile can a sua

sponte Rule 12(b)(6) dismissal stand.'" Southern Cat, Inc., 2021

WL 1699226, at *2 (quotation omitted).

## B. Copyright Act of 1909

The Copyright Act, as amended in 1976, offers copyright

holders the exclusive rights of reproduction, distribution,

performance, display, and preparation of derivative works and

allows them to recover for infringement of their copyright. *See*

Fourth Est. Pub. Benefit Corp. v. Wall-Stret.com, LLC, 139 S. Ct.

881, 887 (2019) (quoting 17 U.S.C. §106). A party "infringes a

copyright 'when he or she violates one of [those] exclusive

Civil No. 18-1509 (RAM)                                                    6

rights.'" Berio-Ramos v. Flores-Garcia, 2020 WL 2788504, at *3

(D.P.R. 2020) (quoting T-Peg, Inc. v. Vermont Timber Works, 459

F.3d 97, 108 (1st Cir. 2006) (modification in original). The

Copyright Act affords remedies such as injunctive relief and actual

or statutory damages. See Massachusetts Museum Of Contemp. Art

Found., Inc. v. Buchel, 593 F.3d 38, 48 (1st Cir. 2010). But, while

it provides economic rights, the moral rights protected by VARA

"exist independent[ly] of the [Copyright Act's] economic rights."

Id.

### C. Visual Artist Rights Act of 1990

In 1990, VARA amended the Copyright Act. See 17 U.S.C. §106A;

Urbain Pottier v. Hotel Plaza Las Delicias, Inc., 379 F. Supp. 3d

130, 132 (D.P.R. 2019) (quotation omitted). VARA "protects the

'moral rights' of certain visual artists in the works they

create[.]" Id. (quoting Massachusetts Museum of Contemporary Art

Found., Inc., 593 F.3d at 47). These rights are "of a spiritual,

non-economic and personal nature that exist independently of an

artist's copyright in" their work. Rivera v. Mendez & Co., 824 F.

Supp. 2d 265, 267 (D.P.R. 2011) (quotation omitted). Hence, they

"spring from a belief that an artist in the process of creation

injects his spirit into the work and that the artist's personality,

as well as the integrity of the work," should be protected. Id.

## IV. ANALYSIS

### A.        Inapplicability of VARA to Plaintiffs' Claims

In their *Motion*, Defendants argue Plaintiffs' state law claims are preempted because they provide the same rights and protections as the Copyright Act and VARA. (Docket No. 150 at 3, 5-6). Conversely, Plaintiffs' *Opposition* argues that matters related to the integrity of the work are *not* protected by federal copyright law and therefore are not preempted. (Docket. No. 159 at 4).

In the Copyright Act, Congress did not grant copyright holders moral rights. Circuit Courts have long upheld this assertion. In Gilliam v. American Broadcasting Cos., the Second Circuit explained that American copyright law "does not recognize moral rights or provide a cause of action for their violation, since the law seeks to vindicate the economic, rather than the personal, rights[.]" Gilliam v. American Broadcasting Cos., 538 F.2d 14, 24 (2d Cir. 1976). Not much has changed since then. *See* Garcia v. Google, Inc., 786 F.3d 733, 746 (9th Cir. 2015) ("Except for a limited universe of works of visual art, . . . United States copyright law generally does not recognize moral rights."); Kelley v. Chicago Park Dist., 635 F.3d 290, 297 (7th Cir. 2011) (holding that moral rights, especially the right of integrity over an artwork, "simply does not exist in our law.") (quotation omitted).

The moral rights protected by VARA include the right of attribution and of integrity. *See* 17 U.S.C. §106(a).[3] Attribution protects "the author's right to be identified as" author of their work and "against the use of [their] name in connection with works created by others." Id. at 48. While the right of integrity protects their work from deformations or "mutilating" changes. Id.

The parties do not question in the *Complaint* or in the *Motion* whether the mural falls under VARA's aegis. (Docket Nos. 142 and 150). Instead, they disagree as to whether VARA preempts the moral

---

[3] Regarding rights of attribution and integrity, VARA holds that a work's author:

>     (1) shall have the right—
>
>         (A) to claim authorship of that work, and
>
>         (B) to prevent the use of his or her name as the author of any work of visual art which he or she did not create;
>
>     (2) shall have the right to prevent the use of his or her name as the author of the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to his or her honor or reputation; and
>
>     (3) subject to the limitations set forth in section 113(d), shall have the right—
>
>         (A) to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right, and
>
>         (B) to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right.

17 USC § 106(A)(a).

rights claims grounded on state law. (Docket Nos. 150, 159, 167 and 178). However, works deemed "site-specific" are <u>excluded</u> from VARA's protection per First Circuit precedent.

In a site-specific artwork, "the artist incorporates the environment as one of the media with which" they work. <u>Phillips v. Pembroke Real Estate, Inc.</u>, 459 F3d. 128, 134 (1st Cir. 2006). Thus, "**the location of the work is an integral element of the work**" and because it "contributes to [the work's] meaning, site-specific art is destroyed if it is moved from its original site." <u>Id.</u> (citation omitted). Hence, <u>Phillips</u> held that "**VARA does not apply to site-specific art at all**[.]" <u>Id.</u> at 143 (emphasis added).

The District of Puerto Rico's decision in <u>Urbain Pottier v. Hotel Plaza Las Delicias, Inc.</u> is instructive as to <u>Phillips</u> and VARA's application to murals. *See* <u>Urbain Pottier</u>, 379 F. Supp. 3d 130 (2019) (citation omitted). The case concerned the mural "Espejismo Nocturno," located in a hotel bar in Ponce, Puerto Rico which was painted by Patrick Urbain Pottier in April 2013. <u>Id.</u> at 131. In 2016, the hotel changed the bar's location and wallpapered the mural allegedly "mutilating it and destroying it completely to the point where it [could not] be restored to its original state." <u>Id.</u> Mr. Urbain sued the hotel for copyright infringement under the Copyright Act and the PRMRA. <u>Id.</u> After considering the mural was designed "taking into consideration the [bar's] structure and architecture" and that it was a "known attraction" and "fundamental

part" of the bar to appeal to customers and tourists, the District
Court held it was site-specific and unprotected by VARA or the
PRMRA. Id. at 131, 133. The Court cannot reach a different
conclusion here.

The *Complaint* reflects the mural *is* a site-specific artwork.
It was created in a school named after the renowned Puerto Rican
poet Julia de Burgos and included an excerpt from her poem "Rio
Grande de Loiza." (Docket No. 142 ¶ 3.25).[4] The mural "not only
had artistic significance, **but as part of the school building**, it
also had cultural and educational significance for every student
who would graduate from said school[.]" Id. (emphasis added). It
was cared for by members of the school community and was accessible
to visitors until the school's closure. Id. ¶ 3.26. Therefore,
like "Espejismo Nocturno", this mural *is* site-specific because its
location is an "integral element" of it and moving it will likely
destroy it. *See* Phillips, 459 F.3d at 134; *see also* Guzman v. New
Mexico State Dep't of Cultural Affs., 2021 WL 1534138, at *5
(D.N.M. 2021) (holding that a forty-year old mural could not likely
be removed given plaintiffs' failure to show it could be extracted
"without altering, distorting, or destroying it."); Kammeyer v.

---

[4] The excerpt reads as follows: "¡Rio Grande de Loiza! . . . . Rio grande.
Llanto grande. El más grande de todos nuestros llantos isleños[.]" (Docket No.
142-2 at 1-2). This translates to "Rio Grande Loiza! … Great river. Great tear.
The greatest river of all ours tears." Maira Garcia, Overlooked No More: Julia
de Burgos, a Poet Whole Helped Shape Puerto Rico's Identity, N.Y. Times (May 2,
2018), https://www.nytimes.com/2018/05/02/obituaries/overlooked-julia-de-
burgos.html (last visited October 5, 2021).

Oneida Total Integrated Enterprises, 2015 WL 5031959, at *6 (C.D. Cal. 2015) (noting the court could hold "the Mural is site-specific and thus not covered by VARA" but choosing to not resolve the issue). Since the *Motion* did not argue VARA's inapplicability, the Court is mindful of the First Circuit's warnings about prior notice of *sua sponte* dismissals. *See* Sanchez, 590 F.3d at 40. However, amendment of the *Complaint* would be futile as Phillips held that VARA does not apply "at all" to site-specific art. Phillips, 459 F3d. 128 at 143. The mural is not afforded VARA's protection and *sua sponte* dismissal is warranted. *See e.g.*, Rivera Olmo v. Municipality of Carolina, 2017 WL 3600930, at *3 n.4 (D.P.R. 2017) (finding dismissal of state law tort claims without prior notice warranted since "the defect could not be cured by an amendment").

Lastly, given that VARA does not protect site-specific art, Plaintiffs' moral rights claims pursuant to the PRMRA, the Constitution of the Commonwealth of Puerto Rico, and Article 1802 of the Puerto Rico Civil Code are not preempted.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the *Motion to Dismiss* (Docket No. 150) and *sua sponte* dismisses the *Complaint*'s VARA claim. Plaintiffs are given fourteen (14) days to show cause:

a. Why the federal copyright claim should not be dismissed.

b. Why the Court should not decline to exercise supplemental

jurisdiction under 28 U.S.C. § 1367 over remaining state

law claims if the federal copyright claims are dismissed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of October 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge