IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF JOSÉ ANTONIO TORRES MARTINÓ, represented by RAÚL CINTRÓN RODRÍGUEZ,<br><br>**Plaintiffs,**<br><br>v.<br><br>FOUNTAIN CHRISTIAN BILINGUAL SCHOOL CAROLINA, INC.; FOUNTAIN CHRISTIAN BILINGUAL SCHOOL, INC.; OMAYRA GUTIERREZ; OTONIEL FONT NADAL; THE CONJUGAL PARTNERSHIP BETWEEN OTONIEL FONT NADAL AND OMAYRA GUTIERREZ; FREDDY ABDUL SANTIAGO; JANE DOE; THE CONJUGAL PARTNERSHIP BETWEEN FREDDY ABDUL SANTIAGO AND JANE DOE; AND INSURANCE COMPANIES A AND B; CORPORATIONS A, B, AND C; JOHN DOE AND OTHER UNNAMED DEFENDANTS,<br><br>**Defendants.** | **CIVIL NO.** 18-1509(RAM) |

## Opinion and Order

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court are Plaintiffs' *Motion Under Rule 59 and 60 of the Federal Rules of Civil Procedure to Reconsider Opinion and Order Issues on October 5, 2021* ("*Motion for Reconsideration*"); *Motion Showing Cause in Compliance with Opinion and Order of October 5, 2021* ("*Motion Showing Cause*"); and *Rule 15 F.R. Civ. P. Motion for Leave to File Third Amended Complaint*

("*Motion for Leave to Amend*"). (Docket Nos. 219, 220 and 243).[1] After reviewing the parties' submissions in support and opposition, the Court **DENIES** the *Motion for Reconsideration*, **NOTES** the *Motion Showing Compliance*, and **DENIES** the *Motion for Leave to Amend.* (Docket Nos. 226, 227, 230, 236, 240, 242 and 243). For reasons set forth below, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' Visual Artist Rights Act of 1990 ("VARA") claim and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Copyright Act of 1909 ("Copyright Act") claim and state-law claims. Thus, this case is dismissed in its entirety.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2019, Plaintiffs filed their *Complaint* against Fountain Christian Bilingual School, Inc. ("FCBS"), Fountain Christian Bilingual School Carolina, Inc. ("FCBSC"), Omayra Gutierrez and Otoniel Font-Nadal and unnamed codefendants (collectively "Defendants"). (Docket No. 142).[2] They aver claims under the Copyright Act; VARA, 17 U.S.C. §§ 101-1511; the Puerto

---

[1] Plaintiffs are members of José Antonio Torres-Martinó's Estate: José Martín Torres, Jackeline Torres, Michelle Torres, and Corrine Cobb (jointly "Plaintiffs"). (Docket No. 142 at 2). Their legal representative is Raúl Cintrón-Rodríguez, allegedly chosen by Torres-Martinó as executor of his will. Id.

[2] On June 18, 2021, Plaintiffs dismissed the *Complaint* against Omayra Gutierrez, Otoniel Font-Nadal and their conjugal partnership. (Docket No. 202). Partial final judgment was issued on June 24, 2021. (Docket No. 204). The *Complaint* also named as defendants Freddy Abdul-Santiago, Nodelis Alin Figueroa-Andino and their conjugal partnership, but that action is stayed per an October 31, 2018 filing before the United States Bankruptcy Court for the District of Puerto Rico, case no. 18-06401-13. (Docket Nos. 85; 86; 142 at 3-4).

Rico Authors' Moral Rights Act, P.R. Laws Ann. tit. 31, §§ 1404i-1401ff; Article II, Sections 1 and 8 of the Constitution of the Commonwealth of Puerto Rico, P.R. Const. art. II, §§ 1, 8; and Article 1802 of the Puerto Rico Civil Code, codified at P.R. Laws Ann. tit. 31, § 5141. Id. ¶¶ 4.1-8.4. Plaintiffs allege Defendants mutilated and destroyed the mural "Rio Grande de Loíza" ("the mural") created in 1966 by José Antonio Torres-Martinó ("Torres-Martinó") in an interior wall of a school leased by FCBS and FCBSC. Id. ¶ 3.32.

On October 4, 2019, Defendants filed a dispositive motion seeking dismissal of the *Complaint*'s third, fourth and fifth causes of action concerning Plaintiffs' state law claims. (Docket No. 150). They claimed dismissal was proper because Section 301 of the Copyright Act, 17 U.S.C. §301(a-e), and of VARA, 17 U.S.C. §301(f), preempt state-law-based moral rights claims. Id. at 3-6. Plaintiffs opposed the motion, followed by Defendants' reply and Plaintiffs' sur-reply. (Docket Nos. 159, 167 and 178).

On October 5, 2021, the Court issued an Opinion and Order denying Defendants' dispositive motion. (Docket No. 216 at 1 and 11). Further, the Court *sua sponte* dismissed Plaintiffs' VARA claim because the First Circuit has held that VARA does not apply "at all" to site-specific art such as the mural at issue in this suit. Id. at 10, 11; Phillips v. Pembroke Real Estate, Inc., 459 F. 3d 128, 134 (1st Cir. 2006). The Court ordered Plaintiffs to show

cause as to why: (1) the federal copyright claim should not be dismissed; and (2) the Court should not decline to exercise supplemental jurisdiction over the state law claims if the federal copyright claim is dismissed. (Docket No. 216 at 11-12).

On October 25, 2021, Plaintiffs filed a *Motion for Reconsideration* arguing that the Court's reliance on Phillips and other case law is misplaced and requesting an evidentiary hearing to explain why the mural is not a site-specific work and thus protected by VARA. (Docket No. 219). They also claim the mural could have been placed anywhere in the school and that it can be removed from its current location without damaging the work. Id. In support of this latter contention, Plaintiffs proffered two sworn statements from expert curators and restorers attesting to the same. (Docket Nos. 219-1 - 219-2). Defendants filed a response in opposition, and Plaintiffs filed a reply, followed by Defendants' sur-reply. (Docket Nos. 226, 236 and 242).

On October 25, 2021, Plaintiffs filed a *Motion Showing Cause* averring their claim under the Copyright Act should survive dismissal because Plaintiffs retained their copyright over the mural. (Docket No. 220). Generally, they state the mural has not entered into the public domain and lost its statutory protection because the work has not been "published" by its physical display or by a copy of the same being included in two books. Id. at 5-6, 11. Moreover, in the event the Court finds that the work has been

"published," Plaintiffs urge the Court to find that the publication is of a limited nature and not general as Defendants allege. Id. at 3, 11. Defendants filed a response in opposition, and Plaintiffs filed a reply, followed by Defendants' sur-reply. (Docket Nos. 227, 230 and 240).

## II.  ANALYSIS

### A. Plaintiffs failed to show that reconsideration is proper

A motion that requests "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005). Altering or amending a judgment is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Relief under Rule 59(e) is appropriate in cases in which a party "seek[s] to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Figueroa Camacho v. Mendez Nunez, 2021 WL 4979872, at *1 (D.P.R. 2021) (quotation omitted). However, a motion for reconsideration is "unavailable if said request simply brings forth a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of by the Court." Id.

Here, Plaintiffs' *Motion for Reconsideration* does not argue that there has been an intervening change in the law. Hence, the

motion can only be entertained if Plaintiffs present newly discovered evidence or seek to correct a manifest error of law. Id. Plaintiffs have not shown that the mural is not a site-specific work simply because it can be removed. (Docket Nos. 219-1 - 219-2). Nor have they sufficiently shown that the sworn statements provided in support of that argument constitute newly discovered evidence. As the First Circuit has held, the Court may conclude that a movant's supposedly new evidence was available to be presented prior to the court's initial judgment. *See* Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 931 (1st Cir. 2014). Here, Plaintiffs failed to adequately show the sworn statements and their analysis of whether the mural was removable or not were unavailable prior to the Court's dismissal of the VARA claim, more so given that Plaintiffs' February 7, 2020, expert report on the mural noted the experts' visit to the mural to see if it could be removed. (Docket No. 226-1 at 14).

Moreover, Plaintiffs have not shown the Court made a manifest error in dismissing the *Complaint*'s VARA claim. For example, to show that the location of the work is not an integral part of the work and thus not site-specific, Plaintiffs simply averred, without any evidence, that the mural could "have been placed in any of the walls of the school." (Docket No. 219 at 18). Likewise, they state that the *Complaint*'s allegations, standing alone, are insufficient for the Court to determine that the work is site-

specific. Id. These statements do little to convince the Court that the work is not site-specific. Beyond the exact physical location of the mural within the school, the Court's Opinion and Order explained that the mural *is* a site-specific artwork because it was created in a school named after the renowned Puerto Rican poet Julia de Burgos and included an excerpt from her poem "Rio Grande de Loiza." (Docket No. 216 at 10). Relying on the *Complaint*'s allegations, the Court further found the mural was site-specific because it "not only had artistic significance, **but as part of the school building**, it also had cultural and educational significance for every student who would graduate from said school[.]" Id. Thus, the mural was site-specific because its location, *i.e.* the school generally, was an integral element of the mural. Id. See Phillips, 459 F.3d at 134 ("Because the location of the work contributes to its meaning, site-specific art is destroyed if it is moved from its original site.") Lastly, Plaintiffs have not shown in the alternative that the mural is part of the so-called "plop-art," which contrary to site-specific art, "does not incorporate its surroundings" and is protected by VARA. Phillips, 459 F.3d at 134.

Thus, the Court **DENIES** Plaintiffs' *Motion for Reconsideration* and Plaintiffs' VARA claim is **DISMISSED WITH PREJUDICE**. See Lopez-Ramos v. Cemex de Puerto Rico, Inc., 2020 WL 5224190, at *10 (D.P.R. 2020) (quoting Hochendoner v. Genzyme Corp., 823 F.3d 724,

736 (1st Cir. 2016)) ("[T]he normal presumption is that a Rule 12(b)(6) dismissal is with prejudice" given that "a judgment [under said rule] constitutes 'a final decision on the merits.'")

### B. Plaintiffs' copyright claims are dismissed for failure to show that the mural has a registered copyright

Even assuming *arguendo* that Plaintiffs correctly assert that the mural has not been "published" and made part of the public domain, the Court need not address this argument because the *Complaint* conceded that the work **is not registered** in the Intellectual Property Registry in the State Department of Puerto Rico or the United States Copyright Registry. (Docket No. 142 ¶¶ 3.57, 4.13-4.14 and 6.3). **This precludes any copyright claim under the Copyright Act.**³

Section 13 of the Copyright Act of 1909, which is the predecessor of the current section 401 of the Copyright Act of 1976, clearly stated that "**[n]o action or proceeding shall be maintained for infringement** ... until the provisions ... with respect to the deposit of copies and **registration of such work shall have been complied with**." Cortes-Ramos v. Martin-Morales, 956 F.3d 36, 43 (1st Cir. 2020) (quoting 17 U.S.C. § 13 (1970)) (emphasis added). Thus, Plaintiffs' failure to register the mural

---

³ Here, there can be no doubt that the mural, which was created in 1966, is covered by the Copyright Act of 1909. *See e.g.*, Maldonado v. Valsyn, S.A., 2006 WL 8450157, at *4 (D.P.R. 2006) (finding that sound recordings made before 1978 were covered by the Copyright Act of 1909); Playboy Enterprises, Inc. v. Dumas, 53 F.3d 549, 553 (2d Cir. 1995) ("The Copyright Act of 1976 took effect on January 1, 1978. Accordingly, the paintings produced before that date are governed by the Copyright Act of 1909.") (internal citation omitted).

before filing suit warrants **DISMISSAL WITHOUT PREJUDICE** of Plaintiffs' copyright claim under the Copyright Act. See Foss v. Marvic Inc., 994 F.3d 57, 62 (1st Cir. 2021) (affirming district court's dismissal of copyright claim because the plaintiff "admits that she did not register her copyright before filing suit"); Cortes-Ramos, 956 F.3d at 43 (finding dismissal proper for the same reason but holding that the district court should have dismissed the claim without prejudice.)

### C. The Court will not exercise supplemental jurisdiction over Plaintiffs' state law claims

In addition to their claims under the Copyright Act and VARA, Plaintiffs bring forth several state-law claims. (Docket No. 142 at 27-28). Specifically, they allege violations to the Puerto Rico Authors' Moral Rights Act, Article II of the Constitution of the Commonwealth of Puerto Rico, and Article 1802 of the Puerto Rico Civil Code. Id. Nevertheless, First Circuit case law is clear that if the federal claims are properly dismissed, a District Court is well within its discretion to decline to exercise supplemental jurisdiction over pending state-law claims. See Massó-Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469-70 (1st Cir. 2017); Rivera-Diaz v. Humana Ins. Of Puerto Rico Inc., 748 F.3d 387, 392 (1st Cir. 2014). Because Plaintiffs' federal claims against Defendants have been dismissed and no other grounds for subject-

matter jurisdiction exist, all supplemental state law claims are hereby **DISMISSED WITHOUT PREJUDICE.**

### D. Plaintiffs' request for leave to amend is denied

Following the Court's denial of Plaintiffs' *Motion for Reconsideration* and the fact that Plaintiffs requested leave to amend "to make more clear allegations on the fact that the mural is not 'site-specific' and that it would not be destroyed if it were to be removed," the Court finds that amendment of the *Complaint* would be improper. (Docket Nos. 243 at 2). The Court acknowledges that leave to amend should be "freely given ... when justice so requires[,]" absent an apparent reason such as "futility of amendment." Rife v. One W. Bank, F.S.B., 873 F.3d 17, 20–21 (1st Cir. 2017) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, in the case at bar, amendment would be futile because the *Proposed Third Amended Complaint* fails to explain how the mural is not site-specific and does not set forth a theory which would entitle Plaintiffs to relief under VARA. Thus, the Court **DENIES** Plaintiffs' *Motion for Leave to Amend*.

### III. CONCLUSION

In view of the foregoing, the Court **DENIES** the *Motion for Reconsideration,* **NOTES** the *Motion Showing Compliance* and **DENIES** the *Motion for Leave to Amend.* Further, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' VARA claim and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Copyright Act claim and state-law claims. Thus, this

case is dismissed in its entirety. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of February 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
